UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TOMMY L. PHILLIPS, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:24-cv-01706-MTS |
| ) | |
| SENTRY SECURITY AGENCY et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on self-represented Plaintiff Tommy L. Phillips, Sr.'s Application to Proceed in District Court Without Prepaying Fees or Costs. Doc. [3]. Having reviewed the Application, the Court finds that Plaintiff is unable to pay the costs associated with this action. Accordingly, the Court will grant the request and waive the filing fee. Nevertheless, the Court will require Plaintiff to file an amended complaint in accordance with the instructions below.

**Legal Standard**

Because the Court is allowing Plaintiff to proceed in forma pauperis in this matter, his complaint is subject to initial review under 28 U.S.C. § 1915(e)(2). That provision requires the Court to dismiss a complaint if it is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v.*

*Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). Even so, self-represented plaintiffs must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To sufficiently state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

### The Complaint

Plaintiff brings this action against Sentry Security Agency and its owner, John Mueller, under Title VII of the Civil Rights Act of 1964 ("Title VII"), alleging

discrimination, retaliation, and disparate treatment based on his disability, race, and willingness to speak out against unlawful employment practices.[1]  Docs. [1], [2].

Plaintiff asserts that Mueller invited him to work for Sentry as a security officer in late 2021 or early 2022.  At the time of his hiring, Plaintiff disclosed his disability and membership in a protected class.[2]  He alleges that although he was initially promised an hourly wage of $14.00, he was paid only $12.00 per hour—an amount he contends was lower than that of other employees hired contemporaneously and inconsistent with Sentry's own policies.

Despite allegedly exceeding performance expectations, Plaintiff claims he remained underpaid while less qualified and less reliable employees received higher wages.  He further asserts that Sentry routinely assigned him to posts that aggravated his chronic pain, even after requesting less physically demanding assignments.

Plaintiff also alleges that he faced retaliation for complaining of wage disparities, opposing the use of a company-provided tracking application on his personal phone, reporting alleged gender discrimination, requesting disability accommodations, and filing a charge with the Equal Employment Opportunity Commission ("EEOC").  Specifically, he claims that Sentry denied him promotions and raises, threatened to terminate him, suspended him, reduced his hours, paired him unreliable coworkers, and failed to recognize his strong performance.  Plaintiff further contends that Sentry removed him from his post

---

[1] The Court interprets the complaint to assert claims against both Sentry and Mueller.  Accordingly, the Court will instruct the Clerk of Court to modify the docket to reflect both defendants.
[2] Plaintiff never explicitly identifies his disability.

3

at a Schnucks location under the pretext that his security license has expired, even though Sentry treated other employees with expired licenses more favorably.

Plaintiff asserts that Defendants' actions caused him significant emotional distress and financial losses. He seeks compensatory and punitive damages.

## Discussion

Plaintiff's complaint is deficient for two reasons. First, it does not comply with Local Rule 2.06, which states "All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms where applicable." Although Plaintiff submitted his complaint on a "Civil Complaint" form, the Court maintains a specific form for employment discrimination actions.

Second, Plaintiff has not submitted a copy of the charge of discrimination he filed with the EEOC. Without reviewing his charge, the Court cannot determine whether Plaintiff has satisfied Title VII's administrative exhaustion requirements. *See Fort Bend Cnty., Texas v. Davis*, 587 U.S. 541, 543 (2019) ("As a precondition to the commencement of a Title VII action in court, a complainant must first file a charge with the [EEOC]."). In other words, the Court cannot assess whether the claims in this case are "like or reasonably related to the substance of the allegations in the administrative charge[.]" *See Slayden v. Ctr. for Behav. Med.*, 53 F.4th 464, 468 (8th Cir. 2022). Accordingly, the Court will require Plaintiff to amend his complaint using the appropriate form and to supplement it with a copy of his original EEOC charge.

**Conclusion**

For the foregoing reasons, the Court will waive the filing fee in this matter and require Plaintiff to file an amended complaint in accordance with the instructions above.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. [3], is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court is respectfully directed to mail to Plaintiff a copy of the Court's Employment Discrimination Complaint form.

**IT IS FURTHER ORDERED** that Plaintiff shall complete and return the form in accordance with the Court's instructions no later than **Monday, May 05, 2025**.

**IT IS FURTHER ORDERED** that the Clerk of Court is respectfully directed to modify the docket to reflect John Mueller's status as a defendant in this matter.

**IT IS FURTHER ORDERED** that Sentry's motion for leave to file a responsive pleading out of time, Doc. [10], is **DENIED** as moot.  Defendants shall respond to Plaintiff's amended complaint in accordance with Rule 12 of the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 12(a)(1)(A).

Failure to comply with this order will result in the dismissal of this action without prejudice and without further notice.

Dated this 21st day of March 2025.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE