## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| TOMMY L. PHILLIPS, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:24-cv-01706-MTS |
| ) | |
| SENTRY SECURITY AGENCY et al., ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM AND ORDER

This matter is before the Court upon review of self-represented Plaintiff Tommy L. Phillips, Sr.'s amended complaint under 28 U.S.C. § 1915(e)(2). Doc. [19]. Plaintiff brings this employment discrimination action against Sentry Security Agency and its owner, John Mueller, under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act of 1990 ("ADA"). *Id.* For the reasons set forth below, the Court will dismiss this action without prejudice.

### Background

In his initial complaint, Plaintiff alleged that Defendants discriminated against him based on his disability, race, and opposition to unlawful employment practices. Doc. [1]. After reviewing the initial complaint, the Court granted Plaintiff's motion to proceed in forma pauperis but directed him to file an amended complaint using the Court's employment discrimination form. Doc. [16]. The Court also ordered Plaintiff to provide

a copy of his EEOC charge. *Id*. Plaintiff has now filed an amended complaint in response to the Court's prior order.

## Legal Standard

Because Plaintiff is proceeding in forma pauperis in this matter, his amended complaint is subject to initial review under 28 U.S.C. § 1915(e)(2). That provision requires the Court to dismiss a complaint if it is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). Even so, self-represented plaintiffs must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To sufficiently state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere

possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## Discussion

In his amended complaint, Plaintiff alleges that Defendants discriminated against him based on his gender, disability, and opposition to unfair employment practices. Doc. [19] at 5. Although the amended complaint lacks detail, Plaintiff appears to incorporate and rely on the memorandum he submitted with his original complaint. Notably, the amended complaint omits any allegation of race-based discrimination. Because the factual allegations largely mirror those in the original complaint, the Court will not repeat them here.

According to Plaintiff's memorandum, Defendants hired him in late 2021 or early 2022 but failed to pay him according to their initial agreement. Doc. [2]. Plaintiff asserts that he performed well but received lower wages than similarly situated employees, and that Defendants retaliated against him for reporting discrimination and filing an EEOC charge. *Id*. He alleges that Defendants denied him accommodations for his disability, reduced his hours, suspended him, threatened to terminate his employment, and assigned him to posts that aggravated his chronic pain. *Id*.

Although he filed the amended complaint on the correct form, Plaintiff again names John Mueller as a defendant. Neither Title VII nor the ADA provides for individual

3

liability.  *See Bonomolo-Hagen v. Clay Cent.-Everly Cmty. Sch. Dist.*, 121 F.3d 446, 447 (8th Cir. 1997); *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1005 n.8 (8th Cir. 1999) (noting that three circuits have held there is no liability under Title I against persons who do not otherwise qualify as employers); *Jones v. City of St. Louis*, No. 4:12-CV-831-JCH, 2012 WL 5351744, at *2 (E.D. Mo. Oct. 30, 2012) ("[T]his Court has repeatedly held that individuals are not liable under the ADA.").  Plaintiff's allegations do not support an inference that Mueller, as an individual, is an "employer" under either statute.  Therefore, to the extent Plaintiff seeks to hold Mueller liable in his individual capacity, the Court will dismiss those claims under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

Additionally, Plaintiff has not complied with the Court's prior order directing him to submit a copy of the charge of discrimination he filed with the EEOC.  Without that document, the Court cannot determine whether Plaintiff exhausted his administrative remedies or whether his claims are like or reasonably related to the allegations in the charge.  *See Slayden v. Ctr. for Behav. Med.*, 53 F.4th 464, 468 (8th Cir. 2022).  This failure to comply with the Court's instructions independently warrants dismissal.  *See* Fed. R. Civ. P. 41(b) (A court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order[.]").

In any event, the amended complaint—even liberally construed in conjunction with Plaintiff's previously filed memorandum—still lacks the factual specificity required to proceed under § 1915(e).  Plaintiff provides no meaningful detail regarding the other employees who allegedly received more favorable treatment.  He does not describe how their roles or responsibilities compared to his.  He also never explicitly identifies his alleged

4

qualifying disability.  Furthermore, his retaliation claims lack context, including the timing of his protected activity in relation to the adverse actions he allegedly experienced. Without such detail, the amended complaint consists largely of conclusory assertions and does not state a plausible claim for relief under either Title VII or the ADA.

## Conclusion

For the reasons set forth above, the Court will dismiss the amended complaint without prejudice under 28 U.S.C. § 1915(e)(2)(B) and Rule 41(b) of the Federal Rules of Civil Procedure.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice.  A separate Order of Dismissal will be entered contemporaneously.

**IT IS FURTHER ORDERED** that all pending motions are **DENIED** as moot.

Dated this 5th day of May 2025.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE